IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELIA SMITH and KELVIN SMITH, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:18-cv-2248-L-BN |
| SKOPOS FINANCIAL, LLC, ET AL., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This action brought by plaintiffs proceeding *pro se* and removed from a state court in Dallas County, *see* Dkt. No. 1, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay, *see* Dkt. No. 7.

Defendants Skopos Financial, LLC, Dan Porter, Mark Gallas, and Jerry Kroshus (collectively, the "Moving Defendants") move to dismiss Plaintiffs Angelia Smith and Kelvin Smith's claims against Koshus for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and Plaintiffs' claims against the Moving Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 4 & 5.

The Court entered an order advising the Smiths of the legal standards governing Rule 12(b)(2), 12(b)(5), and 12(b)(6) motions and setting a deadline for them to respond

to the motion to dismiss. *See* Dkt. No. 8. They failed to file a response, no reply brief was filed, and the filing deadlines have expired. *See id.*

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss to the extent and for the reasons explained below.

**Applicable Background**

The Smiths filed this action in state court on July 26, 2018, asserting that, in August 2017, Skopos illegally repossessed Angelia's 2014 Mitsubishi Lancer. *See* Dkt. No. 1-1 at 8-9; *see also id.* at 16-17 ("There are several different causes of action that Skopos Financial violates against the Plaintiffs," including under the "Fair Debt Collection Practices Act" (the "FDCPA")). An amended petition, adding the remaining Moving Defendants, appears to have been filed on July 31, 2018. *See* Dkt. No. 1-1 at 29. And Skopos timely removed this action on the basis of a federal question. *See* Dkt. No. 1, ¶ 3 (citing 28 U.S.C. §§ 1331 & 1441(b)); 28 U.S.C. § 1446(b).

After removal, the Smiths filed on November 28, 2018 – and presumably in response to the motion to dismiss – a third amended complaint. *See* Dkt. No. 9.

While Federal Rule of Civil Procedure 15(a)(1) allows a party to "amend its pleading once as a matter of course," as applicable here, the Smiths' amended complaint was due "21 days after service of" the motion to dismiss. FED. R. CIV. P. 15(a)(1)(B). That motion was served on August 31, 2018. *See* Dkt. No. 4. But the third amended complaint was filed almost three months later. *See* Dkt. No. 9.

A separate obstacle also prevent the Smiths' amending their complaint as a

matter of course – their filing an amended petition in state court prior to removal. *See, e.g., Charla G. Aldous v. Lugo*, No. 3:13-cv-3310-L, 2014 WL 3952670, at *6 (N.D. Tex. Aug. 12, 2014) ("As Plaintiffs filed an Amended Petition on July 30, 2013, in state court, this court does not believe that [Rule 15(a)(1)] applies. This is so because removed cases must be considered in accordance with Federal Rule of Civil Procedure 81(c)(1), which states that the Federal Rules of Civil Procedure 'apply to a civil action after it is removed from a state court.' Therefore, once the action was removed, the plain language of Rule 15(a) applied to this action. As Plaintiffs had already amended once, they could not file an amended pleading without Defendants' written consent or leave of court. FED. R. CIV. P. 15(a)(2).").

As such, the third amended complaint [Dkt. No. 9] "is a nullity," *id.*, which will be ignored by the undersigned in entering these findings, conclusions, and recommendation, *cf. Ferris Plaza, Ltd. v. Peerless Indem. Ins. Co.*, No. 3:10-cv-633-L, 2010 WL 2540826, at *2 (N.D. Tex. June 22, 2010) ("Plaintiff's First Amended Complaint[, filed without complying with Rule 15,] is null and the court must look to Plaintiff's Original Petition filed in state court on February 25, 2010.").

## Legal Standards

I. <u>Federal Rule of Civil Procedure 12(b)(2)</u>

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir.

2008). If the court decides the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

The due process component of personal jurisdiction requires two elements: (1) the nonresident must have some minimum contact with the forum such that the he or she could anticipate being haled into the courts of the forum state, and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Due Process Clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (internal quotation marks omitted). Personal jurisdiction must be assessed on an individual-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

First, to establish minimum contacts with the forum, a non-resident defendant

-4-

must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (internal quotation marks omitted). But the unilateral activity of one asserting a relationship with the non-resident defendant does not satisfy this requirement. *See id.* at 474; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Second, in determining whether the exercise of jurisdiction is appropriate, the United States Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's purposeful contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992). Thus, "[i]n determining whether or not exercise of jurisdiction is fair and reasonable, defendants bear the burden of proof and 'it is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown.'" *McFadin*, 587 F.3d at 759-60 (quoting *Wien Air Alaska, Inc., v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Five factors guide a court's analysis of whether exercising personal jurisdiction is fair and reasonable: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

Two types of personal jurisdiction may be exercised over a non-resident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *See J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 1122 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted). Specific jurisdiction is a "claim-specific inquiry," so a plaintiff must establish specific jurisdiction for each claim asserted. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 41-16. The Supreme Court has observed that the proper consideration when determining general

jurisdiction is "whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); alteration in original). The Supreme Court held that, as to a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 760. "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs.*, 768 F.3d at 432 (citations omitted). A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular intervals).

Under both specific and general jurisdiction analyses, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the non-resident

defendant and the forum state. *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

II. <u>Federal Rule of Civil Procedure 12(b)(5)</u>

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999). Indeed, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Federal Rule of Civil Procedure 12(b)(5) "'permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint.'" *Naranjo*, 679 F. Supp. 2d at 795 (quoting *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)). Such a motion "turns on the legal sufficiency of the service of process," *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam); *see also Raburn v. Dae Woo, Inc.*, No. 3:09-cv-1172-G, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) ("A 12(b)(5) motion to dismiss poses a challenge to the manner or method of service attempted by the plaintiff rather than the form or content of the summons." (citing *Tinsley v. Comm'r of Internal Revenue Serv.*, No. 3:96-cv-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998))).

And, "[o]nce the validity of service has been contested, the plaintiff bears the

burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *accord Quinn*, 470 F. App'x at 323. And a plaintiff's *pro se* status does not excuse any failure to properly effect service of process. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

III.     Federal Rule of Civil Procedure 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and

conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, the plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538,

543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

"Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex.

2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008).

**Analysis**

I.  Jerry Kroshus

The undersigned first considers Kroshus's argument that he should be dismissed from this litigation for lack of personal jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) (per curiam) ("A court without personal jurisdiction is powerless to take further action." (citing *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962) ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss."); citation omitted)); *Rosario v. Cirogliano*, No. 10 Civ. 6664, 2011 WL 4063257, at *2 (S.D.N.Y. Sept. 12, 2011) ("Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), '[b]efore addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction.'" (quoting *Mende v. Milestone Tech, Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003))); *see also Omni Capital*, 484 U.S. 97 at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *but see, e.g., Roque v. AT&T's Inc.*, Civ. A. No.

13-434, 2013 WL 3832692, at *1 n.2 (E.D. La. July 23, 2013) ("Because the Court determines that this suit should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, the Court need not reach defendants' arguments for dismissal under Rule 12(b)(2) for lack of personal jurisdiction or under Rule 12(b)(5) for insufficiency of service of process." (citations omitted)).

In the amended petition, the Smiths identify Kroshus as a principal of a Texas limited liability company who can be served with process at an address in Irving, Texas. *See* Dkt. No. 1-1 at 30. But the Smiths fail to respond to Kroshus's 12(b)(2) motion to dismiss – much less have they come forward to establish a prima facie case that the Court has jurisdiction over Kroshus.

Kroshus, in contrast, offers his own evidence (his declaration made under penalty of perjury [Dkt. No. 5 at 3-4]) to establish that he – as a resident of Florida who is president of a company in Michigan, where he also owns a residence – has not availed "himself of the privilege of conducting activities within [Texas], thus invoking the benefits and protections of its laws," *Burger King*, 471 U.S. at 474-75.

The Smiths have not therefore shown that exercising jurisdiction over Kroshus is consistent with constitutional due process. And the their claims against him should be dismissed without prejudice for lack of personal jurisdiction without the Court addressing his Rule 12(b)(5) grounds for dismissal. *See, e.g., Marengo Films, Inc. v. Koch Int'l LLC*, No. 3:03-cv-369-P, 2003 WL 21435728, at *4 n.3 (N.D. Tex. June 16, 2003) (having granted the "Motion to Dismiss Pursuant to Rule 12(b)(2), the Court does not need to rule on the issue of [Defendant's] Motion to Dismiss Pursuant to Rule

12(b)(4) and 12(b)(5) for Improper Service").

II. <u>The Smiths' Complaint</u>

As to the remaining individual Moving Defendants – Porter and Gallas – the operative complaint fails to specify what actions each took to harm the Smiths. *See* Dkt. No. 1-1 at 29-39. And, while the Smiths attempt to label all named parties as a "hereinafter referred to as 'Defendant,'" *id.* at 30, "this type of group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8" by "mak[ing] it impossible to ascertain which particular Defendant(s) are supposedly responsible for the act [alleged]," *Gurganus v. Furniss*, No. 3:15-cv-3964, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) (further noting that, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged" (quoting *Iqbal*, 556 U.S. at 678; emphasis added by *Gurganus*)); *see also Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017) ("[T]hese claims as alleged each lack sufficient facts to support an inference that [the] defendant is responsible for a particular harm to [the plaintiff] – therefore there is no 'more than the mere possibility of misconduct,' which, of course, is not enough to state a plausible claim." (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. State of Okla. ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)))), *rec. adopted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017).

The Court should therefore dismiss all claims asserted against Porter and Gallas for failure to state a claim on which relief may be granted.

As to Skopos, the Smiths do allege that it contracted with another defendant to wrongly tow Angelia's car after agreeing in the past to accept late payments from her. *See* Dkt. No. 1- at 31; *see also id.* at 37-38 (alleging a breach of contract based on Skopos's actions). And the operative complaint closes by directing at Skopos a list of legal theories or statutes without providing factual support: "There are several different causes of action that Skopos Financial violated against the Plaintiffs files this complaint under in this wrongful repossession case:

- Intentional Tort, illegally taking your property
- Breach of contract
- Deceptive Trade Practices
- Violations of the Uniform Commercial Code
- Fair Debt Collection Practices Act

Dkt. No. 1-1 at 39.

Taking the listed harms first, "pleadings that ... are no more than conclusions ... are not entitled to the assumption of truth. [And, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Amazon Tours, Inc. v. Quest Global Angling Adventures, L.L.C.*, No. 3:03-cv-2551-M, 2004 WL 1788078, at *1 (N.D. Tex. June 30, 2004) ("When considering a motion to dismiss, the Court accepts as true all well-pled allegations in the Complaint and views them in the light most favorable to the plaintiff. However,

-15-

conclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." (citations omitted)). So all but the breach of contract claim should be summarily dismissed.

As to that claim, "[t]he elements of a breach of contract claim under Texas law are '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Balch v. JP Morgan Chase Bank, NA*, No. 3:14-cv-3666-M, 2015 WL 1592386, at *2 (N.D. Tex. Apr. 8, 2015) (quoting *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). But, as Skopos correctly observes, the Smiths's breach of contract theory fails because it depends on their conclusion that "Skopos intentionally and apparently permanently waived its right to repossess the vehicle for non-payment by accepting late payments from Angelia" – a conclusion that the Smiths fail to support with factual assertions. Dkt. No. 4 at 15.

The Court should therefore dismiss the Smiths' claims against Skopos for failure to state a claim on which relief may be granted. And, because the Smiths filed an amended petition in state court prior to removal, and because they failed to respond to the motion to dismiss, the Court should dismiss the claims against Defendants Porter, Gallas, and Skopos with prejudice. But, should the Smiths wish to amend their claims as against these defendants once faced with these findings and conclusions, the 14-day period for filing objections affords them a fair opportunity to do so.

### III. State Law Claims Remaining (If Any)

The bulk of the Smiths' allegations are aimed at a defendant identified as Dallas

County Recovery LLC. But, since their complaint fails to state a federal claim (under the FDCPA) – the basis for the Court's subject matter jurisdiction – to the extent that any state-law claims remain against this defendant (or any defendant(s) other than the Moving Defendants), the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state-law claims asserted against defendants other than the Moving Defendants to allow the Smiths to pursue those claims in a state forum, if they so choose.

## Recommendation

The Court should grant Defendants Skopos Financial, LLC, Dan Porter, Mark Gallas, and Jerry Kroshus's motion to dismiss [Dkt. No. 4] to the extent that the claims

-17-

against Kroshus should be dismiss without prejudice for lack of personal jurisdiction and the claims against Skopos, Porter, and Gallas should be dismissed with prejudice for failure to state a claim on which relief may be granted. And, to the extent that any state-law claims against any other defendants remain, the Court should decline to exercise supplemental jurisdiction over those claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-18-