IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANGELA SMITH and KELVIN SMITH,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-2248-L** |
| | § | |
| **SKOPOS FINANCIAL, LLC;** | § | |
| **DAN PORTER; MARK GALLAS;** | § | |
| **JERRY KROSHUS; and** | § | |
| **DALLAS COUNTY RECOVERY LLC,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) (Doc. 4), filed August 31, 2019. On February 5, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12) was entered in this case, recommending that the court: (1) grant the Motion to Dismiss and dismiss without prejudice Plaintiff's claims against Jerry Kroshus ("Kroshus") for lack of personal jurisdiction under Rule 12(b)(2) without reaching Defendants' Rule 12(b)(5) arguments; and (2) grant the Motion to Dismiss and dismiss with prejudice Plaintiff's state and federal claims against Dan Porter ("Porter"), Mark Gallas ("Gallas"), and Skopos Financial, LLC ("Skopos") under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The magistrate judge, nevertheless, advised Plaintiffs that, if they wished to file an amended complaint as to Porter, Gallas, and Skopos, they would need to do so within the fourteen-day filing period for filing objections. As the magistrate judge gave Plaintiffs an opportunity to amend their pleadings, the court construes the recommendation as to Porter, Gallas, and Skopos to mean that Defendants' Motion to Dismiss the

**Order – Page 1**

claims against these Defendants should be granted and dismissed with prejudice if Plaintiffs did not amend their pleadings within this time frame. In addition, the magistrate judge recommended that the court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law against Defendant Dallas County Recovery, LLC, which, according to the docket sheet, has not been served by Plaintiffs.[1]

Plaintiffs did not amend their pleadings within the time for filing objections. They, instead, opted to filed objections to the Report and contest other matters, including Defendants' removal of this case from state to federal court. Specifically, Plaintiffs object to the magistrate judge's decision to ignore their Third Amended Complaint in ruling on Defendants' Motion to Dismiss and the magistrate judge's reference in the Report to the November 30, 2018 order that declared their Third Amended Complaint (Doc. 9) a "nullity."[2] Plaintiffs contend that the magistrate judge never

---

[1] Although the magistrate judge determined that Plaintiffs had failed to state any viable claims against Porter, Gallas, and Skopos under state or federal law, the Report indicates that the "bulk of [Plaintiffs'] allegations are aimed at a defendant identified as Dallas County Recovery LLC," which according to the docket sheet has not yet been served by Plaintiffs. The magistrate judge reasons and recommends that, as Plaintiffs' "complaint fails to state a federal claim (under the [Federal Debt Collection Practices Act ("FDCPA")]) – the basis for the Court's subject matter jurisdiction – to the extent that any state-law claims remain against [Dallas County Recovery, LLC] (or any defendant(s) other than the Moving Defendants), the Court should decline to exercise supplemental jurisdiction over those claims." Report 17. The court has reviewed Plaintiffs' Amended Original Petition, the live pleading, that was filed before this case was removed to federal court and determines that Plaintiffs' FDCPA claim was asserted only against Skopos, and the only claims that will remain if the court accepts the findings and conclusions of the magistrate judge are various state law claims by Plaintiffs against Dallas County Recovery, LLC. Because Dallas County Recovery, LLC has not been served, the court does not have personal jurisdiction over it. Rather than dismiss without prejudice the claims against this Defendant under Rule 4(m), which the court cannot do without first giving Plaintiffs notice, it will, as recommended by the magistrate judge, decline to exercise supplemental jurisdiction over these claims and remand the remaining state law claims against Dallas County Recovery to the state court from which this case was removed.

[2] According to the November 30, 2018 order, the Third Amended Complaint was filed in violation of Rule 15 without leave of court but, nevertheless, indicated that Plaintiffs were not prohibited from seeking leave to amend their pleadings. Plaintiffs, however, never sought leave to amend their pleadings after November 30, 2018.

**Order – Page 2**

provided them an opportunity to extend their deadline for service under Rule 4(m) when they had good cause to do so,[3] and they maintain that they were "blind sided" when the case was removed to federal court in light of Plaintiff's eviction appeal in another case that was also pending before the same state judge. Pls.' Obj. 5. Plaintiffs contend that the court never gave them notice that service was not proper, and defense counsel took advantage of their pro se status in removing the case and filing a frivolous motion to dismiss for lack of jurisdiction. Plaintiffs dispute that Defendants were never served. Plaintiffs further assert that removal of the case to federal court was improper because Defendants did not notify or confer with them beforehand or comply with the Federal Rules of Bankruptcy Procedure, and jurisdiction based on a federal question or diversity is lacking. For this reason, Plaintiffs assert that they will be filing a "new case and will vigorously pursue justice and . . . appeal any unjust decision and error in this cause of action due to the unfairness and erroneous filing from the Defendants in this cause of action." Pls.' Obj. 7. Finally, Plaintiffs contend that they are entitled to due process, and the well-pleaded complaint rule provides a good "rule of thumb" to determine the existence of jurisdiction in federal court. *Id.* at 9.

As a preliminary matter, the court determines that it has subject matter jurisdiction over this action based on Plaintiffs' inclusion of a federal claim under the "Fair Debt Collection Practices Act" in their First Amended Petition and their allegation in the same pleading that "[u]nfair debt collection practices are prohibited under both Texas and federal law." Pls.' First. Am. Pet. 6, 11. Having reviewed the motion, live pleadings, file, record in this case, and Report, and having

---

[3] There is no indication from docket sheet that Plaintiffs ever sought an extension under Rule 4(m) to effect service on any Defendant in this case; rather, this contention appears to take issue with Defendants' motion to dismiss under Rule 12(b)(5) and Plaintiffs' incorrect assumption that the court must give them notice or an extension under Rule 4(m) before ruling on a motion to dismiss pursuant to Rule 12(b)(2) or (b)(5).

conducted a de novo review of that portion of the Report to which objection was made, the court further determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections; **grants** Defendants' Motion to Dismiss and **dismisses without prejudice** all claims by Plaintiffs against Kroshus under Rule 12(b)(2) for lack of personal jurisdiction; **denies as moot** Defendants' Motion to Dismiss pursuant to Rule 12(b)(5); and **grants** Defendants' Motion to Dismiss and **dismisses with prejudice** all claims by Plaintiffs against Porter, Gallas, and Skopos under Rule 12(b)(6) for failure to state a claim for upon which relief can be granted.

As a result of the court's ruling, only Plaintiffs' state law claims against Dallas County Recovery, LLC remain. In their Amended Original Petition, Plaintiffs assert the following state law claims against Dallas County Recovery, LLC, the entity allegedly hired by Skopos to repossess their vehicle: illegal repossession of their vehicle; violation of Texas Business & Commerce Code § 9.609 for breach of the peace; violation of Texas Occupations Code § 2303.158; violation of the Texas Department of Licensing and Regulation, which, according to Plaintiffs, regulates towing companies; violation of Texas Finance Code §§ 348.407, 349.003, 392.301(a) and 392.302; conversion or refusal to release Plaintiffs' property in violation of Texas Occupations Code § 2303.151; and rudeness and disrespectfulness. To date, the court has dedicated only minimal judicial resources with respect to these state law claims by Plaintiffs against Dallas County Recovery, LLC and expresses no opinion regarding the viability of the claims.

The court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against Dallas County Recovery LLC, as Plaintiffs' only

federal claim under the FDCPA has been dismissed with prejudice, and no federal question remains. *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009) (explaining that, generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). Moreover, the factors relevant to whether supplemental jurisdiction should be exercised weigh in favor of the court not exercising jurisdiction over these claims, and Plaintiffs have not provided any argument for why the court should exercise supplemental jurisdiction over their state law claims in the event their federal claim was dismissed and, instead, continue to contest the court's jurisdiction over any of their claims.[4] Accordingly, the court **remands** Plaintiffs' remaining state law claims against Dallas County Recovery, LLC to County Court at Law No. 3, Dallas County, Texas, from which this case was removed for further proceedings. The clerk of the court **shall** effect the remand of this action (Plaintiffs' remaining claims against Dallas County Recovery, LLC) in accordance with the usual procedure.

**It is so ordered** this 10th day of April, 2019.

Sam A. Lindsay
United States District Judge

---

[4] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Other factors include "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc.*, 554 F.3d at 601-02. When analyzing supplemental jurisdiction, "no single factor is dispositive." *Id.* at 602.